Court of Appeals, the court holding that the threat of the defendant was plainly an act done with intent to commit the crime of extortion; that it tended, but failed, to effect its commission, and therefore the act was an attempt to commit the crime within the statute; that this crime, as defined in the statute, depends upon the mind and intent of the wrongdoer, and not on the effect or result upon the person sought to be coerced. These cases are cited with approval in the late case of People v. Mills, 178 N. Y. 274, 70 N. E. 786, 67 L. R. A. 131. In that case the court held, in speaking of the overt act made necessary by the statute for the commission of the crime, that an overt act is done to carry out the intention, and which must be such as would effect that result, unless prevented by some extraneous cause; and, after citing People v. Bush, the court said:

"The furnishing of the matches was the overt act. If the defendant did anything with intent to steal the papers, which in the ordinary course of events, unless interfered with, would have resulted in the theft thereof, it was an overt act."

Although there was a strong dissent in that case, it was based entirely upon the principle that, where the owner of the property which is to be stolen attempts to induce another to steal it, that other cannot be held to be guilty of an attempt to do an act which was not a crime—a principle which has no application to this case. See, also, People v. Conrad, 102 App. Div. 566, 92 N. Y. Supp. 606. The facts of this case bring it directly within these authorities. The defendant first suggested to Nelson the commission of this crime, which, if consummated, would have been clearly robbery in the first degree. He furnished Nelson and his accomplice with the weapon to carry it out, was present in the neighborhood to receive the results, and was thus directly engaged in an attempt to commit the crime. We think, therefore, that the defendant was guilty. The jury believed the evidence of the prosecution, and after a careful consideration of this testimony I am satisfied that the finding was sustained by the evidence. Under those circumstances we should not be justified in reversing the judgment because testimony was introduced by the district attorney to which the defendant made no objection, and which, if objected to, should have been excluded.

It follows that the judgment appealed from must be affirmed. All concur.

---

(105 App. Div. 43.)

### KRAFT v. DE VERNEUIL.

(Supreme Court, Appellate Division, Fourth Department. May 10, 1905.)

JUSTICES OF THE PEACE—TRIAL ON SUNDAY—PERSONAL LIABILITY.

    Where a justice of the peace on Sunday tried and fined an accused for assault in the third degree, he was not personally liable to the accused for the amount of the fine assessed and paid, in the absence of any claim that the justice acted maliciously or that accused objected to his proceeding with the trial, whether the act of the justice was within the prohibition of or exception to Code Civ. Proc. § 6, providing that a court shall not be open or transact business on Sunday, except to receive a verdict

or discharge a jury, but that the section shall not prevent the exercise of jurisdiction where it is necessary to preserve peace, or, in a criminal case, to arrest, commit, or discharge a person charged with an offense.

Appeal from Special Term, Erie County.

Action by Henry Kraft against Henry De Verneuil. From a judgment sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

The following is the opinion of the court below (Kruse, J.):

The plaintiff seeks to recover the sum of $50, being the amount of a fine paid by the plaintiff, and imposed by the defendant, a justice of the peace, upon a trial and conviction of the plaintiff for the crime of assault in the third degree. The trial and conviction were had on the 23d day of October, 1904, which was Sunday. The plaintiff was sentenced to pay the fine, or be imprisoned until the fine was paid, and it is alleged in the complaint that he was compelled to, and did pay, the fine to the defendant, fearing said imprisonment. The plaintiff contends not only that the trial and conviction were void, but that the defendant is personally liable to him for the amount of the fine so imposed, for the reason that the proceedings were had upon Sunday.

Section 6 of the Code of Civil Procedure provides as follows: "A court shall not be opened or transact any business on Sunday, except to receive a verdict or discharge a jury. An adjournment of a court on Saturday, unless made after a cause has been committed to a jury, must be to some other day than Sunday. But this section does not prevent the exercise of the jurisdiction of a magistrate, where it is necessary to preserve the peace, or, in a criminal case, to arrest, commit or discharge a person charged with an offense, or the granting of an injunction order by a justice of the Supreme Court when in his judgment it is necessary to prevent irremediable injury or the service of a summons with or without a complaint if accompanied by an injunction order and an order of such justice permitting service on that day."

It is contended by the defendant that the offense with which the plaintiff was charged, and for which he was tried and convicted, was of such a character as to permit the trial to be had on Sunday, under the exceptions to the general rule forbidding courts to be open on Sunday contained in the section referred to, relying upon the case of People ex rel. Price v. Warden, 73 App. Div. 174, 76 N. Y. Supp. 728, and further contending that in any event the defendant is not personally liable to the plaintiff, even if it was unlawful to conduct this trial on Sunday.

Whatever the facts may appear to be as to the precise nature of this crime, or the circumstances under which it was committed and the necessity of exercising jurisdiction by the magistrate under the exception contained in this section, the facts as alleged in the complaint, which, for the purpose of this determination, must be taken as true, do not seem to be such as to bring them within the exception. Assuming, however, that it was unlawful to conduct this trial upon Sunday, yet, the defendant having jurisdiction as a judicial officer of the person of the defendant and of the subject-matter, it would seem that no personal liability was incurred by the defendant in thus unlawfully proceeding to hear and determine the matter on Sunday. There is no claim that the justice acted maliciously, or even that the plaintiff objected to his proceeding with the trial. Where, under such circumstances, a judicial officer in good faith proceeds with the hearing of a matter over which he has jurisdiction both of the subject-matter and of the person, although he proceeds erroneously, and acts even beyond his jurisdiction, his acts are judicial, and he is protected from personal liability. Lange v. Benedict, 73 N. Y. 12, 29 Am. Rep. 80; Clark v. Holdridge, 58 Barb. 61; Austin v. Vrooman, 128 N. Y. 229, 28 N. E. 477, 14 L. R. A. 138.

The demurrer to the complaint is sustained, with costs, with leave to the plaintiff to serve an amended complaint within 20 days upon payment of costs.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Joseph Schattner, for appellant.
Charles L. O'Connor, for respondent.

PER CURIAM. Interlocutory judgment affirmed, with costs, on the opinion of Kruse, J., delivered at Special Term.

. STOVER, J., not voting.

---

(46 Misc. Rep. 237.)

### DURACK v. WILSON et al.

(Supreme Court, Special Term, Nassau County. January, 1905.)

BANKRUPTCY—FRAUDULENT CONVEYANCE. ·
    Defendant, several years before adjudication as bankrupt, on justifying
    as surety on an appeal bond from a judgment against a· corporation of
    which her husband was president, made oath that she was a freeholder
    and owned an undivided one-half in certain unincumbered real estate.
    In a month after judgment was confirmed she conveyed her interest to
    her sister for $2,500, after mortgaging it for $2,500 loaned to her hus-
    band; and, a month after judgment against her on the bond, she filed
    a petition in bankruptcy, stating as her assets wearing apparel worth
    $25. · Held, that the mortgage would be set aside as fraudulent, and
    the deed to the sister, which was in fact a mortgage to secure a valid
    debt, would also be set aside on payment of the amount still owing.

Action by John H. Durack, trustee in bankruptcy, against Hattie P. Wilson and others. Judgment for plaintiff.

Henry L. Maxson, for plaintiff.
Otto H. Droege and Henry M. Flateau, for defendants.

KELLY, J. The plaintiff, as trustee in bankruptcy of the defendant Hattie P. Wilson, brings this suit in equity to set aside a mortgage dated April 1, 1901, made by the bankrupt to the defendant Gordon to secure the sum of $2,500, and a deed made by the bankrupt to her sister, the defendant Weeks, dated April 8, 1901, for the alleged consideration of $2,500. The property transferred by the mortgage and deed was the bankrupt's undivided one-half part of a parcel of 2½ acres of land situated at Locust Valley, near Peacock Point, in Nassau county. The mortgage and deed were acknowledged before one Kraus, as notary public—the mortgage on April 1, and the deed on April 8, 1901; a certificate of the clerk of New York county to the official character of the notary is attached to each instrument, dated April 12, in each case; and the mortgage and deed were recorded together on April 17, 1901.

It appears that in October, 1900, one Stuart, an iron manufacturer in New Hamburg, Dutchess county, recovered a judgment for $291.29 against the Manhattan Bath Tub Company in a Municipal Court in the city of New York. The defendant company appealed from this judgment, and stayed the execution by an undertaking dated November 8, 1900, on which the bankrupt became surety; making oath that she was a freeholder, and justifying by affidavit